WILSON TURNER KOSMO LLP
LOIS M. KOSCH (131859)
402 West Broadway, Suite 1600
San Diego, California  92101
Telephone:  (619) 236-9600
Facsimile:   (619) 236-9669
E-mail:  lkosch@wilsonturnerkosmo.com

Attorneys for Defendant
BEST BUY STORES, L.P.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JOHN POWELL, an individual, | Case No. 19-cv-7764 |
| Plaintiff, | **DEFENDANT BEST BUY STORES, L.P.'S NOTICE OF REMOVAL OF CIVIL ACTION** |
| v. | |
| BEST BUY STORES, L.P., a Virginia limited partnership; and DOES 1 through 100, inclusive, | **[28 U.S.C. § 1332(a)]** |
| Defendants. | Complaint Filed:     August 5, 2019 |

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Best Buy Stores, L.P. ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.  This Court has original subject matter jurisdiction over the lawsuit filed by Plaintiff John Powell ("Plaintiff") pursuant to 28 U.S.C. section 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000.  Accordingly, removal is appropriate based on the following grounds.

-1-                              Case No. 19-cv-7764

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

## I.    PLEADINGS, PROCESS, AND ORDERS

1.    On August 5, 2019, Plaintiff filed an unverified Complaint in the Superior Court of the State of California for the County of Los Angeles, entitled *John Powell, an individual v. Best Buy Stores, L.P., a Virginia limited partnership; and DOES 1 through 100, inclusive*, Case No. 19STCV27544 ("Complaint").  The Complaint alleges causes of action for:  (1) Discrimination Based on Physical Disability in Violation of Government Code §12940(a); (2) Failure to Accommodate Physical Disability in Violation of Government Code §12940(m); (3) Failure to Engage in a Good Faith Interactive Process in Violation of Government Code §12940(n); (4) Retaliation in Violation of Government Code §12940 *et seq.*; (5) Failure to Prevent Discrimination From Occurring in Violation of Government Code §12940(k); (6) Wrongful Termination in Violation of Public Policy, Government Code §§12940 *et seq.*; (7) Interference with FMLA/CFRA Leave in Violation of 29 U.S.C. § 2615(a)(1) / Government Code §12945.2(a), (t); and (8) Retaliation in Violation of the FMLA/CFRA Leave in Violation of 29 U.S.C. §2615(a)(2) / Government Code § 12945.2(1).

2.    Plaintiff's Complaint was served on Defendant on August 9, 2019.  True and correct copies of the Summons, Complaint, and all other documents served with the Complaint are attached as **Exhibit A thru Exhibit E**.  Exhibits A thru E constitute all the pleadings, process, and orders served upon or by Defendant or filed in the Superior Court action.  On September 9, 2019, Defendant filed and served its Answer to the Complaint in the Superior Court of California, County of Los Angeles.  A true and correct copy of the Answer is attached as **Exhibit F**.

## II.    THE REMOVAL IS TIMELY

3.    This Notice of Removal is timely, pursuant to 28 U.S.C. section 1446(b), because it is filed within thirty (30) days after service on Defendant of Plaintiff's Summons and Complaint.  In addition, this Notice of Removal is being filed within

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

one (1) year of the commencement of this action and therefore is timely filed under 28 U.S.C. section 1446(c).

4.    No previous Notice of Removal has been filed with this Court for the relief sought herein.

## III.    THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

### A.    This Court has Diversity Jurisdiction Under 28 U.S.C. § 1332(a).

5.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. section 1332(a) (diversity jurisdiction), and Defendant may remove this action pursuant to 28 U.S.C. section 1441.  Specifically, as discussed in detail below, this is a civil action between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### B.    Complete Diversity of Citizenship Exists.

6.    Diversity jurisdiction exists when there is complete diversity between the parties (*i.e.*, all plaintiffs are diverse from all defendants).  (28 U.S.C. § 1332(a).)  A defendant may remove an action to federal court under 28 U.S.C. section 1332 if no defendant is a citizen of the state in which the action was brought.  (28 U.S.C. § 1441(a), (b).)

7.    Here, these requirements are met because Plaintiff is a citizen of California and Defendant is not a citizen of California.

#### 1.    Defendant Best Buy Stores, L.P.

8.    Defendant Best Buy Stores, L.P. was Plaintiff's employer.  (Declaration of Jessica Thoreson ("Thoreson Decl.") at ¶ 2.)  Most recently, Plaintiff worked as a Sales Consultant in the Los Angeles area.  (*Id*. at ¶ 3.)

9.    Defendant Best Buy Stores, L.P. is now, and was at the time of the filing of this action, a Virginia limited partnership with its principal place of business located in the State of Minnesota.  (*Id*. at ¶ 5.)  Best Buy Stores, L.P. is comprised of two partners; a general partner—BBC Property Co., and a limited partner—BBC Investment Co.  (*Id*. at ¶ 6.)

-3-                          Case No. 19-cv-7764

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

10. Defendant Best Buy Stores, L.P. is now, and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. section 1332(c)(1). For diversity purposes, "[a] limited partnership or a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" (*Davis v. HSBC Bank Nevada, N.A. and Best Buy Stores, L.P.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)).)

11. In *Davis*, the Ninth Circuit acknowledged that Best Buy Stores, L.P. is a citizen of both Virginia and Minnesota. (*Id*. at 1028-29 (concurring opinion).) Recognizing that Best Buy Stores, L.P. was a "nationwide retailer" with "operations spread across many states," the Ninth Circuit applied the "nerve center" test. (*Id*. at 1028.)

12. Moreover, in *The Hertz Corp. v. Friend*, 559 U.S. 77 (2010), the United States Supreme Court held that a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" (*i.e*., the "nerve center" of the business). (*Id*. at 92-93.) The Court further described the principal place of business as "the place where the corporation maintains its headquarters." (*Id*.)

13. The principal place of business for Best Buy Stores, L.P. is Minnesota because, under *Davis*, 557 F.3d at 1028, Best Buy Stores, L.P.'s "never center" is located in Minnesota. Best Buy Stores, L.P.'s high-level management team is based in Minnesota and conducts the business of the corporation from the Minnesota headquarters. (Thoreson Decl. at ¶ 5.) The majority of Best Buy Stores, L.P.'s executive and administrative functions take place in Minnesota. (*Id*.) The greater part of Best Buy Stores, L.P.'s domestic administrative functions (including payroll, accounting, purchasing, marketing, and information systems) are located in Minnesota. (*Id*.) Therefore, Defendant Best Buy Stores, L.P. is a citizen of the State

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

of Minnesota pursuant to the "nerve center" test and is a citizen of the State of Virginia pursuant to its organization.

14.    Further, Best Buy Stores, L.P. is comprised of two partners.  (*Id*. at ¶ 6.) Its general partner is BBC Property Co., and its limited partner is BBC Investment Co., respectively.  (*Id*.)

15.    BBC Property Co. is a Minnesota corporation with its principal place of business located in the State of Minnesota.  (*Id*. at ¶ 7.)  BBC Property Co.'s headquarters are located in the State of Minnesota.  (*Id*.)  BBC Property Co.'s management team is based in Minnesota and conducts the business of the corporation from the Minnesota headquarters.  (*Id*.)  The majority of BBC Property Co.'s executive and administrative functions take place in Minnesota.  (*Id*.)  BBC Property Co.'s domestic administrative functions (including payroll, accounting, purchasing, marketing, and information systems) are located in Minnesota.  (*Id*.)  Thus, BBC Property Co. is a citizen of the State of Minnesota.

16.    BBC Investment Co. is a Nevada corporation with its principal place of business located in the State of Minnesota.  (*Id*. at ¶ 8.)  BBC Investment Co.'s headquarters are located in the State of Minnesota.  (*Id*.)  BBC Investment Co.'s management team is based in Minnesota and conducts the business of the corporation from the Minnesota headquarters.  (*Id*.)  The majority of BBC Investment Co.'s executive and administrative functions take place in Minnesota.  (*Id*.)  The greater part of BBC Investment Co.'s domestic administrative functions (including payroll, accounting, purchasing, marketing, and information systems) are located in Minnesota.  (*Id*.)  Thus, BBC Investment Co. is a citizen of the States of Nevada and Minnesota.

17.    Best Buy Co., Inc. is the parent company of both BBC Property Co. and BBC Investment Co.  (*Id*. at ¶ 9.)  Best Buy Co., Inc. is a Minnesota Corporation with its principal place of business in Minnesota.  (*Id*. at ¶ 10.)  The majority of Best Buy Co., Inc.'s executive and administrative functions take place in Minnesota.  (*Id*.)  The

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

greater part of Best Buy Co., Inc.'s domestic administrative functions (including payroll, accounting, purchasing, marketing, and information systems) are located in Minnesota.  (*Id*.)

18.    Accordingly, Defendant Best Buy Stores, L.P. is not a citizen of the State of California.

### 2.    Plaintiff John Powell.

19.    "An individual is a citizen of the state in which he is domiciled…." (*Boon v. Allstate Ins. Co*., 229 F.Supp.2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).)  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time the lawsuit is filed.  (*See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).)

20.    Defendant is informed and believes that Plaintiff is now, and at all times since the commencement of this action has been, a citizen of California.  The Complaint alleges that Plaintiff is "a resident of Los Angeles County, California." (Exhibit A, Complaint ¶ 3.)  There is no indication that Plaintiff is or has ever been a citizen of Minnesota.  Accordingly, Plaintiff was and is domiciled in the State of California and, therefore, is a citizen of California for the purposes of diversity.

### 3.    Doe Defendants.

21.    Pursuant to 28 U.S.C. section 1441(a), the citizenship of fictitious and unknown "Doe" defendants should be disregarded for the purposes of establishing removal jurisdiction under 28 U.S.C. section 1332.  (*Fristos v. Reynolds Metals Co*., 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).)  Thus, the inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on Defendant's ability to remove.

### C.    The Amount in Controversy Exceeds $75,000.

22.    Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

$75,000.  (*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).)

23.     Where, as here, a plaintiff does not plead the amount of damages that he seeks, the Court must look beyond the Complaint to determine whether the lawsuit meets the jurisdictional requirement.  (*Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 998 & n. 4 (9th Cir. 2007) (*overruled on other grounds as recognized by Rodriguez v. AT & T Mobility Serv. LLC,* 728 F.3d 975, 976–77 (9th Cir. 2013)); *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 690 (9th Cir. 2006).)  In such cases, the defendant seeking removal must prove by a preponderance of the evidence that the amount in controversy requirement has been met.  (28 U.S.C. § 1446(c)(2); *Lowdermilk*, 479 F.3d at 998; *Abrego Abrego*, 443 F.3d at 683.)  "Under this burden, the defendant must provide evidence that it is more likely than not that the amount in controversy satisfies the federal diversity jurisdictional amount requirement."  (*Sanchez*, 102 F.3d at 404.)  "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe."  (*Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005)).)  This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claim for damages.'"  (*Korn*, 536 F.Supp.2d at 1204-05.)

24.     In determining whether the jurisdictional minimum is met, courts consider all alleged recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees.  (*Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977) (superseded by statute on other grounds); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).)

25.     Here, Plaintiff's Complaint seeks recovery on several fronts, including general and special damages, punitive and exemplary damages, statutory damages,

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

liquidated damages, costs of suit, and attorneys' fees.  (Exhibit A, Complaint, Prayer for Relief.)  Although Defendant expressly denies Plaintiff's factual allegations and expressly denies any liability to Plaintiff, Plaintiff's allegations and prayer for relief have put into controversy an amount that exceeds the $75,000 threshold.[1]

### 1.    Lost Earnings and Benefits.

26.    Plaintiff alleges he "has suffered and continues to suffer substantial losses in income, earnings and benefits and has been damaged in his capacity to earn his salary, and has lost and will continue to lose employment benefits" as well as "loss of salary and benefits."  (Exhibit A, Complaint ¶¶ 24, 31, 83.)  Lost earnings and benefits are included in the amount-in-controversy calculation.  (*See, e.g.*, *Melendez v. HMS Host Family Rest., Inc.*, No. CV 11-3842, 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected lost wages from date of alleged adverse employment action to anticipated date of judgment in amount-in-controversy calculation); *Rivera v. Costco Wholesale Corp.*, No. C 08-02202 CW, 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) (considering "lost wages and benefits [that] may accrue" after removal).)  Assessing a plaintiff's anticipated lost wages over a one-year period—from the filing of the Complaint to the expected date of judgment, for example—has been deemed reasonable. (*See, e.g.*, *Melendez*, 2011 WL 3760058, at *2; *Rivera*, 2008 WL 2740399, at *1, 3.)

27.    Plaintiff's Complaint alleges that Plaintiff was discharged on March 10, 2019.  (Exhibit A, Complaint ¶¶ 9, 16, 29, 39, 82.) Prior to his discharge, Plaintiff

---

[1] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint.  Defendant's reference to specific damage amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum.  Defendant maintains that each of Plaintiff's claims is without merit and that Defendant is not liable to Plaintiff.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

-8-                                  Case No. 19-cv-7764

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

earned $13.72 per hour.  (Thoreson Decl. at ¶ 4.)  The Complaint does not allege that Plaintiff has secured alternative employment since his discharge.  Thus, Plaintiff's damages for lost wages would total at least $7,134.40 to date[2], and would total approximately $12,896.80 through trial (which we conservatively assume will happen in August 2020, a mere one year after Plaintiff filed his Complaint)[3], for a total of $20,031.20, which does not include the value of any claimed benefits.

### 2.    Damages for Emotional Distress and Physical Injuries.

28.    In addition to his claim for lost wages, Plaintiff claims damages for emotional distress and personal/physical injuries in an unspecified amount. (Exhibit A, Complaint ¶¶ 25, 32, 46, 55, 64, 84, 91, and Prayer for Relief.)  Specifically, Plaintiff alleges he has suffered "emotional injury, including but not limited to, humiliation, anxiety, fear, and loss of self-esteem" and "extreme and severe mental anguish and emotional distress." (*See, e.g.*, *id*. at ¶¶ 46, 55.)  Plaintiff further alleges he has "suffered severe and serious injury to his person" as a result of Defendant's alleged conduct, without identifying the nature of such injury or the amount sought for such injury.  (Exhibit A, Complaint ¶¶ 25, 32; *see also*, Prayer for Relief.)

29.    Courts have held that such allegations alone are sufficient to satisfy the amount-in-controversy requirement. (*See, e.g., Egan v. Premier Scales & Sys.*, 237 F.Supp.2d 774, 776 (W.D. Ky. 2002) (finding that where plaintiff sought damages for embarrassment, humiliation, and willful, malicious and outrageous conduct, the defendant could "easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement"); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031-35 (N.D. Cal. 2002) (holding that plaintiff's damage claims,

---

[2] There are 182 days, or 26 weeks, between March 11, 2019 (the next day after Plaintiff's employment ended) and September 9, 2019.  Plaintiff was a part-time employee.  Thus, assuming 20 hours worked per week results in 520 hours.

[3] For the purposes of this calculation, Defendant assumes a trial starting on the first weekday of August 2020, or August 3, 2020, which is 329 days, or 47 weeks, after September 9, 2019.  Assuming 20 hours worked per week results in 940 hours.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

including lost wages, medical expenses, emotional distress, and attorneys' fees, was enough to put the amount in controversy above $75,000).)  Indeed, plaintiffs alleging emotional distress as a result of wrongful termination regularly seek—and courts regularly uphold—damage awards exceeding $75,000 for such damages.  (*Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (upholding jury award in excess of $75,000 for emotional distress damages in a single-plaintiff age-discrimination case); *Silo v. CHW Med. Found.*, 86 Cal. App. 4th 947, 955 (2001) (upholding jury award in excess of $75,000 for noneconomic damages in a wrongful termination lawsuit); *Satrap v. Pac. Gas & Elec. Co.*, 42 Cal. App. 4th 72, 76 (1996) (upholding a jury award in excess of $75,000 for noneconomic damages).)

### 3.    Attorneys' Fees.

30.    Plaintiff also seeks to recover an unspecified amount of attorneys' fees. (Exhibit A, Complaint ¶¶ 27, 34, 42, 51, 57, 68, 93, and Prayer for Relief.)

31.    As stated above, courts have held that an award of attorneys' fees, if such fees are authorized, may be considered for purposes of calculating the amount in controversy. (*Galt G/S*, 142 F.3d at 1155-56 ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (holding  that attorneys' fees are included in the calculation of the amount in controversy under 28 U.S.C. § 1332(a)); *Sanchez v. Wal-Mart Stores, Inc.*, 2007 WL 1345706, at *2 (E.D. Cal. May 8, 2007) ("Attorneys' fees, if authorized by statute or contract, are also part of the calculation.").)  California Government Code section 12965, subdivision (b), authorizes the award of reasonable attorneys' fees to the prevailing party in a suit brought under the Fair Employment and Housing Act ("FEHA").

32.    Here, each of the eight causes of action alleged in the Complaint have been brought under the FEHA.  In addition, the Seventh (Interference With FMLA/CFRA Leave) and Eighth ("Retaliation in Violation of the FMLA/CFRA

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

Leave") Causes of Action alleged in the Complaint are brought under 29 U.S.C. section 2615(a) and Plaintiff seeks attorneys' fees pursuant to 29 U.S.C. section 2617(a)(3), which authorizes recovery of reasonable attorney's fees in an action brought under 29 U.S.C. section 2615. (*See* Exhibit A, Complaint ¶¶ 69-93, and Prayer for Relief.)

33. Moreover, Plaintiff's attorneys' fees are not limited to the amount incurred as of the time of removal. In *Simmons*, for example, the court held that "[attorneys' fees] necessarily accrue until the action is resolved" and, thus, the Ninth Circuit [in *Galt*, *supra*] must have anticipated that district courts would project fees beyond removal." (*Simmons*, 209 F.Supp.2d at 1034-35.) As such, the *Simmons* court held that the "measure of [attorneys'] fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." (*Id*. at 1035.) The court further observed that "attorneys' fees in individual discrimination cases often exceed the damages." (*Id.; see Pulera v. F&B, Inc*., 2008 U.S. Dist. LEXIS 7265, *14-15 (E.D. Cal. 2008) ("While the Ninth Circuit has not yet ruled on this issue, the preponderance of courts in this Circuit have agreed with the *Brady* approach" of "includ[ing] a reasonable estimate of the attorneys' fees likely to be incurred" (citing *Brady v. Mercedes-Benz*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002)).)

34. Therefore, while Plaintiff seeks an unspecified amount of attorneys' fees, such fees must be considered in the amount-in-controversy calculation. Conservatively assuming that Plaintiff's counsel charges $300 per hour, attorneys' fees would total $75,000 after 250 hours of work. Plaintiff's counsel would likely exceed this amount during the pretrial phase of litigation alone, and certainly would exceed this amount through trial. (*See, e.g., Simmons*, 209 F.Supp.2d at 1035 ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages.").

-11-                    Case No. 19-cv-7764
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

**4.    Punitive Damages.**

35.    In addition, Plaintiff seeks to recover punitive damages. (Exhibit A, Complaint ¶¶ 26, 33, 41, 50, 56, 67, 92, and Prayer for Relief.) The Court must also consider Plaintiff's request for punitive damages as part of the amount in controversy when determining diversity jurisdiction. (*Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *see also, Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994) ("[b]ecause the purpose of punitive damages is to capture the defendant's attention and deter others from similar conduct, it is apparent that the plaintiff's claim for punitive damages alone might exceed [the jurisdictional amount]").)

36.    The FEHA, under which Plaintiff asserts each of his claims, authorizes punitive damages. (Cal. Gov't Code §12940.) If Plaintiff prevails on his claim for punitive damages, those damages alone could exceed $75,000. (*See, e.g.*, *Roby v. McKesson Corp.*, 47 Cal.4th 686 (2009) (affirming $1,905,000 punitive damages award in FEHA disability discrimination and harassment case).)

**5.    Summary of Amount in Controversy.**

37.    While Defendant again denies any and all liability to Plaintiff, based on a conservative and good faith estimate of the value of the alleged damages from lost earnings and benefits, emotional distress, physical injuries, punitive damages, and attorneys' fees, the amount in controversy in this case well exceeds $75,000, exclusive of interests and costs, as demonstrated above. Accordingly, it cannot be denied that the amount in controversy exceeds the jurisdictional threshold set forth in 28 U.S.C. section 1332(a).

**IV.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

38.    Venue lies in the Central District of California, Western Division pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(c)(2). This action was brought

-12-                              Case No. 19-cv-7764

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

originally in the Superior Court of the State of California, County of Los Angeles, and the alleged harm complained of occurred in the County of Los Angeles. (*See* Exhibit A, Complaint ¶¶ 2, 3; Thoreson Decl. at ¶ 3.) Therefore, this is the appropriate court for removal.

39.   As required under 28 U.S.C. section 1446(d), Defendant will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles.

## V.   CONCLUSION

If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief in support of its position that this case is removable.

Dated:     September 9, 2019          **WILSON TURNER KOSMO LLP**

By:     /s/Lois M. Kosch
        LOIS M. KOSCH
        Attorneys for Defendant
        BEST BUY STORES, L.P.

-13-                      Case No. 19-cv-7764

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION